Order Filed on 8/3/2009 by Clerk U.S. Bankruptcy Court District of New Jersey

**TRENK, DiPASQUALE, WEBSTER,
 DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
(973) 243-8600
Joseph J. DiPasquale (JD3330)
Thomas M. Walsh (TW0645)
Michele M. Dudas (MD5029)
*Counsel to Mantiff Dayton Hospitality,
 LLC, Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

MANTIFF DAYTON HOSPITALITY, LLC,

Debtor.

Chapter 11

Case No. 08-26533 (NLW)

Honorable Novalyn L. Winfield

## THIRD CONSENT ORDER EXTENDING DEADLINE TO CLOSE ON SALE OF DEBTOR'S REAL AND PERSONAL PROPERTY

The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

**DATED: 8/3/2009**

_____
Honorable Novalyn L. Winfield
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtor: | Mantiff Dayton Hospitality, LLC |
| Case No.: | 08-26533 (NLW) |
| Caption of Order: | Third Consent Order Extending Deadline to Close on Sale of Debtor's Real and Personal Property |

**THIS MATTER** having been originally presented to the Court by Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C. ("Trenk DiPasquale"), counsel for Mantiff Dayton Hospitality, LLC, Chapter 11 debtor and debtor-in-possession (the "Debtor"), upon motion for entry of an Order authorizing the Debtor to sell its real and personal property (as more clearly defined in the Application filed in support of the Motion) and granting related relief (the "Motion"); and the Court having considered the pleadings filed by the Debtor in support of its Motion and opposition thereto, if any; and the Court having heard oral argument, if any; and the Court having previously entered an Order (i) Authorizing Debtor to Sell its Real and Personal Property Free and Clear of All Liens, Claims and Encumbrances; (ii) Granting Certain Stay Relief and; (iii) Granting Related Relief, on January 6, 2009 (the "Sale Order"); and the Court having previously entered a Consent Order Extending Deadline to Close on Sale of Debtor's Real and Personal Property (the "Consent Order"); and Brian F. Hofmeister, Esq. - counsel to Arvind Shah (the "Buyer"), Prassana Mahadeva, Esq. - counsel to SPCP Group, LLC ("SPCP"), and Joseph J. DiPasquale, Esq. - counsel to the Debtor, having agreed to the Sale Order entered on January 6, 2009; and the parties having agreed to further extend the Closing Date based on the terms set forth herein; and for other good cause having been shown,

**IT IS ORDERED** that the Buyer shall pay, in accordance with the Term Sheet for Financing Acquisition of Mantiff Dayton Hotel ("Term Sheet") annexed hereto as **Exhibit A**, the following non-refundable deposit payments which, in the event the Buyer successfully closes, shall be applied to the Purchase Price in exchange for an extension of the deadline to close on the sale of the Debtor's real and personal property through and including August 5, 2009 ("Closing

*Approved by Judge Novalyn L. Winfield August 03, 2009*

| | |
|---|---|
| Debtor: | Mantiff Dayton Hospitality, LLC |
| Case No.: | 08-26533 (NLW) |
| Caption of Order: | Third Consent Order Extending Deadline to Close on Sale of Debtor's Real and Personal Property |

Date"); and it is further

**ORDERED** that, subject to the terms and conditions contained in this Consent Order, the Term Sheet and the terms contained therein be, and hereby are, approved in their entirety, except that, the Closing Date shall be August 5, 2009, as set forth in this Consent Order; and it is further

**ORDERED** that the Debtor's use of SPCP's cash collateral is hereby continued and extended to the Closing Date; and it is further

**ORDERED** that General Capital Partners, LLC is not entitled to its fee as set forth in the Sale Order since the original buyers, are no longer purchasing the Property; and it is further

**ORDERED** that the $65,000 Carve-Out (as defined in the Sale Order) shall be reduced to the sum of $50,000 and shall be paid, by wire transfer or certified funds, to Debtor's estate at closing from the parties and sources as follows: (i) SPCP - $25,000 from SPCP's collateral pursuant to 11 U.S.C. § 506(c); (ii) Falgun Dharia - $15,000; and (iii) monies held by Trenk DiPasquale - $10,000 which shall paid to the Debtor's estate for the sole benefit of Debtor's administrative and/or unsecured creditors to be distributed under the priority scheme pursuant to 11 U.S.C. § 507; and it is further

**ORDERED** that the Debtor shall convey title to the subject Property (as defined in the Verified Application filed in support of the Debtor's Motion to approve the sale of its business and business assets) free and clear of any and all rights, liens, claims and interests (whether inchoate or not), except for, and subject only to, outstanding real estate taxes on the Property which shall be assumed by the Buyer; and it is further

**ORDERED** that, upon transfer of title of the Property to Buyer, any right of redemption

| | |
|---|---|
| Debtor: | Mantiff Dayton Hospitality, LLC |
| Case No.: | 08-26533 (NLW) |
| Caption of Order: | Third Consent Order Extending Deadline to Close on Sale of Debtor's Real and Personal Property |

in favor of the United States Small Business Administration is terminated and otherwise extinguished with prejudice and shall be of no further force and effect; and it is further

**ORDERED** that, notwithstanding anything to the contrary contained in the Term Sheet or otherwise, SPCP shall not be obligated to pay and shall not be liable for any claims and/or liabilities, whether now known or not known, having to do with or related to the Property; and it is further

**ORDERED** that, upon closing of the transaction contemplated under the Term Sheet with Buyer, SPCP be and hereby releases the Debtor, and its attorneys, professionals, affiliates, officers, and directors, and each and every guarantor of Debtor's loan from any and all liability, claims, causes of action, counterclaims and defenses, whatsoever, whether now known or not known; and it is further

**ORDERED** that, upon closing of the transaction contemplated under the Term Sheet with Buyer, the Debtor and each and every guarantor of the Debtor's loan forever releases and discharges SPCP and its officers, directors, attorneys, professionals, consultants, asset managers, subsidiaries and affiliates from any and all liability, claims, causes of action, counterclaims and defenses, whatsoever, whether now known or not known; and it is further

**ORDERED** that all other terms and conditions set forth in the Sale Order remain in full force and effect except to the extent modified by this Consent Order.

*Approved by Judge Novalyn L. Winfield August 03, 2009*

(Page 5)

| | |
|---|---|
| Debtor: | Mantiff Dayton Hospitality, LLC |
| Case No.: | 08-26533 (NLW) |
| Caption of Order: | Third Consent Order Extending Deadline to Close on Sale of Debtor's Real and Personal Property |

---

THE FORM AND ENTRY OF THE WITHIN
CONSENT ORDER IS HEREBY AGREED TO BY:

**TEICH GROH**
*Counsel to Buyer*

By:   /s/ Brian W. Hofmeister
      Brian W. Hofmeister

**MAHADEVA, PLLC**
*Counsel to SPCP*

By:   /s/ Prassana Mahadeva
      Prassana Mahadeva

**TRENK, DiPASQUALE, WEBSTER
DELLA FERA & SODONO, P.C.**
*Counsel to Debtor*

By:   /s/ Joseph J. DiPasquale
      Joseph J. DiPasquale

F:\WPDOCS\A-M\Mantiff Dayton Hospitality LLC (Holiday Inn Ohio)\Consent Order Extending Sale and Closing Date FINAL.doc

*Approved by Judge Novalyn L. Winfield August 03, 2009*

# Exhibit A

*Approved by Judge Novalyn L. Winfield August 03, 2009*

# Mahadeva PLLC

Attorneys
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601

Prassana Mahadeva
(914) 358-0030
pmahadeva@mahadevalaw.com

June 29, 2009

Brian W. Hofmeister, Esq.
Teich Groh
691 Highway 33
Hamilton, NJ 08619

RE:   Term Sheet for Financing Acquisition of Mantiff-Dayton Hotel (the "Property")

Dear Brian:

Your client, Dr. Shah ("Prospective Purchaser"), has requested that BMR Funding LLC or one of its related entities ("Silver Point") provide certain commercial financing (the "Loan") to Prospective Purchaser for the acquisition of the Property. Below, please find the salient terms and conditions of such proposed financing, all of which remains subject to, among other things (i) Silver Point's final, credit committee approval, which approval shall rest within Silver Point's sole and absolute discretion; and (ii) approval by the United States Bankruptcy Court for the District of New Jersey, under Case No. 08-26533-NLW (the "Bankruptcy Court").

1. **Purchase Price:** $2.2 million *less* the amount of unpaid taxes due and owing for the Property as of the Closing Date *less* the Non-Refundable Deposit *plus* Silver Point's legal fees and costs to document the financing transaction ("Purchase Price").

2. **Documentation Fee Deposit; Prospective Purchaser Costs:** $5,000.00 ("Documentation Fee Deposit") payable upon execution of this letter agreement and wired in accordance with the following instructions:

| | |
|---|---|
| Account Number: | 5199051808 |
| Bank: | BB&T Bank |
| Bank Address: | 200 South College Street |
| | Charlotte, NC 28202 |
| ABA Number: | 053 101 121 |
| Reference: | Mantiff-Dayton |
| Attn: | Kevin S. Muempfer |

The Documentation Fee Deposit shall be used to pay for Silver Point's legal fees and costs in an amount not to exceed $10,000.00. The Prospective Purchaser shall be obligated to pay all taxes, charges, title policies, loan policies and commitments, transfer taxes, documentary taxes, recording fees and mortgage taxes. Any portion of the Documentation Fee Deposit not used shall be refunded to Prospective Purchaser at closing. All amounts in excess of the Documentation Fee Deposit which are owed to Silver Point as of the Closing Date (as defined herein) shall be paid by Prospective Purchase.

3. Closing Date: On or before July ~~10~~ 15, 2009, TIME BEING OF THE ESSENCE ("Closing Date").

4. Financing By Prospective Purchaser. Prospective Purchaser agrees to finance $320,000.00 of the Purchase Price, of which $220,000.00 in non-refundable sums ("Non-Refundable Deposit") is on deposit with Silver Point. On the Closing Date, Prospective Purchaser shall deliver to Seller in accordance with the wiring instructions in Section 2 hereof, the sum of $100,000.00 ("Purchaser Financed Funds"). As used herein, the terms, "day" or "business day," shall mean any day other than a Saturday, Sunday or holiday observed by the United States government on which the federal reserve bank located in New York, New York is open for business.

5. Seller Financing; Loan Amount: Subject to Seller's final, credit committee approval, Seller shall finance the Purchase Price (the "Loan Amount"). Upon Seller's written approval of the Loan Amount, the Purchaser Financed Funds shall become non-refundable and applied against the Purchase Price on the Closing Date. In the event Seller does not approve the Loan, Seller shall return to Prospective Purchaser the Purchaser Financed Funds, less any unused portion of the Documentation Fee Deposit.

6. Term: Not to exceed twelve (12) months from the date final, definitive documents are executed ("Term").

7. Option to Extend Term: Prospective Purchaser may extend the Term for an additional one (1) year (the "Extended Term") upon payment of $180,000.00, which amount shall be credited against the unpaid principal balance under the Loan.

8. Interest Rate: The unpaid principal balance under the Loan will accrue at ten (10%) percent per annum ("Accrual Rate"), with the Prospective Purchaser making monthly debt service at a rate equivalent to eight percent (8%) per annum (the "Pay Rate"). The difference between the Accrual Rate and the Pay Rate of two percent (2%) will continue to accrue and be payable in full at expiration of the Term (or, as the case may be, the Extended Term).

9. Default Rate: Eighteen (18%) percent or the maximum allowable rate of interest upon the occurrence of an "event of default" under the loan documents.

10. Collateral: (a) First lien position and assignment of leases, rents and profits on the Property; and (b) second lien position on a three-family property owned by Prospective

Purchaser located in Forest Hills, New York, subject only to a prior lien in the principal amount of $465,000.00.

11. **Personal Guaranty:** Unlimited and unconditional guarantee of payment and performance by Prospective Purchaser.

12. **Interim Payments:** Payments of $2,000 per week commencing the first Monday after execution of this Agreement and continuing thereafter until the Closing Date (the "Interim Payments"). The Interim Payments shall be non-refundable, independent of and shall not be allocated against, the Purchase Price.

13. **Real Estate Taxes:** From and after the Closing Date, Prospective Purchaser will keep all taxes current for the Property and with respect to all past due taxes due and owing for the Property as of the Closing Date, Prospective Purchaser shall enter into such written agreement(s) with the tax office or agency for the county in which the Property is located regarding the payment in full of such past due taxes, all on such terms and conditions reasonably satisfactory to Silver Point.

14. **Obtaining Flag; Improvements.** Prospective Purchaser shall use best efforts to obtain a suitable hospitality flag for the Property from a nationally-recognized franchisor by a date certain and further agrees to make such improvements to the Property in accordance with a schedule prepared by Prospective Purchaser and approved by Lender. a

15. **Conditions Precedent:** (a) Satisfactory background checks on Prospective Purchaser as determined in Silver Point's sole and absolute discretion; (b) final credit committee approval by Silver Point in its sole and absolute discretion; (c) approval by the Bankruptcy Court and vesting of title to the Property to Prospective Purchaser through the Bankruptcy Court free and clear of all liens and encumbrances (including the lien of the United States Small Business Administration and its right of redemption) subject only real estate taxes; (d) an executed payment plan/agreement for the payment of all past due taxes due and owing for the Property by a date certain in accordance with Section 13.

16. **Loan and Sale Documents:** In addition to this Agreement, on the Closing Date, the parties shall execute and deliver such documents and agreements as is customary regarding the Seller-related financing contemplated hereunder and the sale of commercial real estate situated in Florida. All recording fees, transfer taxes, charges, including title insurance and loan policy insurance premiums and fees shall be paid by Prospective Purchaser on or before the Closing Date.

17. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which, when so executed and delivered, will be deemed to be an original, but all of which counterparts, when taken together, will constitute one and the same instrument.

18. **Free and Voluntary Act.** Prospective Purchaser acknowledges and agrees that Prospective Purchaser is freely and voluntarily entering into this Agreement after full consultation with legal, financial and other advisors of Prospective Purchaser's choosing.

19. <u>Governing Law; Venue</u>. This Agreement shall be governed by the laws of the state of New York without regard for principles of conflicts of law. In connection with any dispute arising under this Agreement, the parties hereto expressly consent to the jurisdiction of the state and federal courts situated in the Southern District of New York to adjudicate such matters.

20. <u>Termination</u>. This Agreement will terminate if not accepted by Prospective Purchaser on or before 4 PM (EST) on Tuesday, June 30, 2009.

Very truly yours,

MAHADEVA, PLLC

By: _____
Name:
Title:

cc: Silver Point Capital LP

Accepted this 30th day of June, 2009:

**PROSPECTIVE PURCHASER(S)**

By: _____
Name:

Witness:

_____
Name: